IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:22-CR-78-TAV-JEM |
| JASON FLENNIKEN, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Flenniken's Motion for Extension of Time to File Pretrial Motions [Doc. 144] and Motion to Continue Trial and All Other Deadlines [Doc. 145], filed on July 7, 2023.

In his motion to extend the pretrial motions deadline [Doc. 144], Defendant asks the Court to extend the pretrial motions deadline to July 7, 2023, so that the Court can consider his motion to continue trial. In his motion to continue trial [Doc. 145], Defendant asks the Court to continue the August 8, 2023 trial date and all related deadlines. The Court appointed defense counsel on October 4, 2022. Defendant Flenniken is the remaining Defendant set for trial in a drug conspiracy case involving six codefendants. The discovery is extensive and consists of search warrants, pen register warrants, audio and video recordings, cellular phone extraction reports, social media records, and law enforcement documents and photographs. Defendant seeks a trial continuance so that he may confer with his counsel about the discovery and other relevant legal issues and so that defense counsel can further investigate matters, prepare any pretrial litigation motions that may be necessary, and prepare for trial. Defendant is detained in Kentucky, making it more difficult and time consuming for counsel to meet with him. Defense counsel states that the possibility of a plea agreement remains, that the

motion to continue has been discussed with Defendant who understands a trial continuance would necessarily impact the computation of time pursuant to the Speedy Trial Act, that the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial, and that the Government does not object to a trial continuance.

Based upon the information in Defendant's motion to continue trial and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to review the voluminous discovery, confer with his client about the discovery and other legal issues, further investigate matters, litigate any pretrial motions that may be filed, engage in plea negotiations with the Government, and otherwise prepare for trial—tasks made more difficult by Defendant's pretrial detention in another state. All of this cannot be done by the August 8, 2023 trial date.

The Court therefore **GRANTS** Defendant's Motion for Extension of Time to File Pretrial Motions [**Doc. 144**] and Motion to Continue Trial and All Other Deadlines [**Doc. 145**]. The trial of this case is reset to **January 23, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on July 7, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion for Extension of Time to File Pretrial Motions [**Doc. 144**] and Motion to Continue Trial and All Other Deadlines [**Doc. 145**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **January 23, 2024, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **July 7, 2023**, and the new trial date of **January 23, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **August 11, 2023**, and responses to motions are due on or before **August 25, 2023**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 21, 2023**;

(6) the deadline for filing motions *in limine* is **January 8, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 9, 2024, at 10:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 12, 2024**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge